PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARL S. SCHNEIDER, *et al.*, | ) | |
| | ) | CASE NO.  4:20CV1747 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CREDIT HUMAN FEDERAL CREDIT | ) | |
| UNION,  *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 8] |

Pending is Defendant Navient Solutions, LLC's ("NSL") Motion to Dismiss Plaintiffs'

Complaint (ECF No. 8) pursuant to Fed. R. Civ. P. 12(b)(6).[1]  The Court has been advised,

having reviewed the record, the parties' briefs, and the applicable law.  For the reasons that

follow, the Court grants the motion.

## I.  Background

In May 2018, Plaintiffs Carl S. Schneider ("Schneider") and Rhonda K. Schneider aka

Rhonda K. Reed filed an action in the Trumbull County, Ohio Court of Common Pleas against

NSL, Texas Guaranteed Student Loan Corporation, SLM Corporation, and Nelnet, Inc., being

---

[1]  NSL's motion is accompanied by a statement certifying its compliance with a
requirement of the Telephonic Case Management Scheduling Order entered on
September 4, 2020.  *See* ECF No. 5 at PageID #: 143.  According to NSL, "[a]s of the
filing of this motion, Attorney Cook has not responded" to a written request sent to him
three days prior to the filing of the within motion.  ECF No. 8 at PageID #: 181.
Therefore, Gary Cook, counsel for Plaintiffs, did not met his obligation to "give explicit
reasons in writing for refusing" to "agree to the request for dismissal."  ECF No. 5 at
PageID #: 143.

(4:20CV1747)

Case No. 2018 CV 00955.  *See* Complaint (ECF No. 9-1).  In April 2019, Plaintiffs filed with

leave of court an Amended Complaint that added Credit Human Federal Credit Union as a New

Party Defendant.  On May 6, 2019, Plaintiffs dismissed NSL, Texas Guaranteed Student Loan

Corporation, SLM Corporation, and Nelnet, Inc. pursuant to Ohio R. Civ. P. 41(A)(1)(a).  *See*

Voluntary Dismissal Under Rule 41(A)(1)(a) (ECF No. 9-3).[2]  On May 27, 2020, the state court

granted Plaintiffs' Motion for Dismissal Without Prejudice against New Party Defendant Credit

Human Federal Credit Union under Ohio R. Civ. P. 41(A).

On July 2, 2020, Plaintiffs[3] purportedly "refiled" their prior action in the Trumbull

County, Ohio Court of Common Pleas against Credit Human Federal Credit Union, NSL, and

Texas Guaranteed Student Loan Corporation (dba Trellis Company), being Case No. 2020 CV

00775.  Plaintiffs Carl S. Schneider and Rhonda K. Schneider assert causes of action sounding in

---

[2]  Contrary to Plaintiffs' assertion that "the court may not take judicial notice of court proceedings in another case," Memorandum in Opposition (ECF No. 11) at PageID #: 272, "it is well-settled that federal courts may take judicial notice of proceedings in other courts of record."  *United States v. Mont*, 723 Fed.Appx. 325, 327 n.3 (6th Cir. 2018) (citing *Lyons v. Stovall*, 188 F.3d 327, 332, n.3 (6th Cir. 1999) (brackets, quotation marks, and citation omitted)).  While this doctrine typically does not extend to the factual findings of another court, notice may be taken of "proceedings in other courts . . . if those proceedings have a *direct relation* to matters at issue."  *United States v. Neal*, 577 Fed.Appx. 434, 452 n. 11 (6th Cir. 2014) (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (ellipsis and emphasis in original)).

[3]  Rhonda K. Schneider passed away during the prior litigation in state court.  *See* Memorandum in Support (ECF No. 9) at PageID #: 187.  No allegations are made in the Complaint (ECF No. 1-1 at PageID #: 12-34) regarding her passing and there are also no allegations as to the appointment of anyone as representative of her estate.  Attorney Cook declared during the October 2020 Case Management Conference that he only represents Plaintiff Carl S. Schneider.  Despite the fact that the cutoff to amend pleadings was December 31, 2020, *see* Case Management Plan (ECF No. 19) at PageID #: 331, ¶ 14, Attorney Cook has not acted to remove Rhonda K. Schneider as a party plaintiff in the above-entitled action.

(4:20CV1747)

(1) Breach of Contract; (2) Bad Faith and Breaches; (3) Fraud/Misrepresentation; (4) Fraudulent

Inducement; (5) *Quantum Meruit*/Unjust Enrichment; (6) Abusive, Deceptive, and Unfair Acts

and Practices Under the Consumer Financial Protection Act ("CFPA"), specifically 12 U.S.C.§§

5531(a) and 5536(a)(1)(B); (7) Violations of the Fair Debt Collection Practices Act ("FDCPA"),

15 U.S.C. § 1692 *et seq.*; (8) Violations of Regulation V, 12 C.F.R. part 1022, the implementing

regulation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; and, (9)

Violations of the Ohio Consumer Sales Practices Act ("CSPA"), Ohio Rev. Code § 1345.01 *et*

*seq.*  Only three (Counts Six through Eight) of the nine claims are federal.

Plaintiffs' nine claims relate to a 1997 student loan they obtained and their alleged efforts

to obtain a disability discharge.  Plaintiffs allege the loan at issue was in the original amount of

$63,349.63 and claim that partial loan discharges of $52,416.85 and $61,958.99 were wrongly

reinstated by Defendants.  The loan was co-signed/endorsed by Plaintiff Rhonda K. Schneider,

the then-current spouse of Plaintiff Carl S. Schneider; however, Plaintiffs were divorced through

dissolution proceedings on or about November 8, 2002.

On August 7, 2020, NSL, a former servicer of Plaintiffs' loan, filed a Notice of Removal

(ECF No. 1) to the United States District Court for the Northern District of Ohio on the grounds

of federal question and diversity jurisdiction.

## II.  Standard of Review

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take

all well-pleaded allegations in the complaint as true and construe those allegations in a light most

favorable to the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  A

cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility

(4:20CV1747)

in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must

contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  Plaintiff is not

required to include detailed factual allegations, but must provide more than "an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.  A pleading that offers "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid

of "further factual enhancement." *Id.* at 557.  It must contain sufficient factual matter, accepted

as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The

plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer

possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.  When a complaint

pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line

between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to

relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)).  The Court "need not accept as true a

legal conclusion couched as a factual allegation or an unwarranted factual inference."

*Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations and internal

quotation marks omitted).

(4:20CV1747)

### III. Analysis

### A.

### 1.

Plaintiffs allege that "[a]ll applicable statute[s] of limitations and other limitations have been tolled by the Defendants' continuing, knowing, and active concealment of the facts alleged." In addition, Plaintiffs allege they had been "reasonabl[y] diligen[t]," but "could not have discovered, did not discover, and [were] prevented from discovering, the acts and omissions of the Defendants. . . ." ECF No. 1-1 at PageID #: 18, ¶ 29. But, Plaintiffs allege no actual concealment by NSL and no reason why they could not have discovered any alleged wrongdoing. Plaintiffs' only allegations containing any detail of wrongdoing relate to the alleged denials of applications for a disability discharge of the student loan on multiple occasions from October 2004 to January 27, 2015. *See* ECF No. 1-1 at PageID #: 16-17, ¶¶ 19-24. Therefore, Plaintiffs' causes of action accrued no later than January 27, 2015. The statutes of limitations have run on Counts Three, Four, and Six through Nine.

**a. Count Three - Fraud/Misrepresentation and Count Four - Fraudulent Inducement**

Under Ohio law, claims "for relief on the ground of fraud," unless related to identity fraud, must be brought within four years after the cause thereof accrued. *See* Ohio Rev. Code § 2305.09(C); *Rutherlan Enter., Inc. v. Zettler Hardware*, 60 F. Supp.3d 828, 833 (S.D. Ohio 2014). As Plaintiffs' causes of action would have accrued in January 2015, at the latest, their complaint must have been filed by January 2019. The Complaint (ECF No. 1-1), however, was filed in July 2020. Therefore, Counts Three and Four are time-barred.

(4:20CV1747)

#### b.  Count Six - Abusive, Deceptive, and Unfair Acts and Practices

Count Six purports to bring a private cause of action under the CFPA, even though the

statue does not create one.  *See* 12 U.S.C. § 5481; *see also*, *e.g.*, *Bonilla v Am. Heritage Fed.*

*Credit Union*, No. 20-2053, 2020 WL 2219141, at *10 (E.D. Pa. May 7, 2020) (dismissing a

claim under 12 U.S.C. § 5531 with prejudice because there is no private cause of action).  Even

assuming Plaintiffs could bring a private claim, the only statute of limitations listed in the CFPA

is three years, which applies to the Consumer Protection Financial Bureau.  *See* 12 U.S.C. §

5564(g)(1).  Therefore, Count Six is time-barred.

#### c.  Count Seven - Violations of the FDCPA

The statute of limitations for an action under the FDCPA is one year from the date of the

violation.  *See* 15 U.S.C. § 1692k(d); *Jodway v. Orlans, PC*, 759 Fed. Appx. 374, 379 (6th Cir.

2018).  Therefore, Count Seven is time-barred.

#### d.  Count Eight - Violations of Regulation V

Section 1681p, 15 U.S.C., contains both a statute of limitations and a statute of repose.

The two-year limit, which begins to run upon a plaintiff's discovery of the facts that give rise to

an FCRA claim (known as the "discovery rule"), is a statute of limitations.  *See* 15 U.S.C. §

1681p(1); *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 401 (6th Cir. 2016).  The

alleged violations of Regulation V occurred more than two year before July 2, 2020, the day

Plaintiffs purportedly "refiled" their complaint.  Therefore, Count Eight is time-barred.

#### e.  Count Nine - Violations of Ohio CSPA

Pursuant to Ohio Rev. Code § 1345.10(C), actions under §§ 1345.01 to 1345.13 "may not

be brought more than two years after the occurrence of the violation which is the subject of suit."

(4:20CV1747)

*See Temple v. Fleetwood Enters.*, 133 Fed. Appx. 254, 265 (6th Cir. 2005).  Because Plaintiffs

filed the Complaint (ECF No. 1-1) more than five years after the alleged CSPA violation, Count

Nine is time-barred.

**2.**

Schneider and NSL dispute the date in which the one-year limitation to refile began to

accrue.  On May 6, 2019, Plaintiffs voluntarily dismissed NSL pursuant to Rule 41(A)(1)(a).  *See*

ECF No. 9-3.  Plaintiffs refiled the identical action against NSL on July 2, 2020.  NSL argues

that, even if Plaintiffs had plead Counts Three, Four, and Six through Nine sufficiently, those

claims whose statutes of limitations have expired already are time-barred and not saved by

Ohio's savings statute, Ohio Rev. Code § 2305.19.[4]  Schneider argues the Complaint (ECF No.

1-1) was timely refiled because the above-entitled action was commenced within one year after

the entire case was dismissed.  According to Schneider, the one-year period to refile did not

begin to accrue until May 27, 2020, when the remaining defendant was dismissed.

The one-year period by which Plaintiffs had to refile their complaint against NSL began

from the date it was dismissed via Rule 41(A)(1)(a), *i.e.*, May 6, 2019.  The one-year period

---

[4] Section 2305.19(a) allows a party to re-file a lawsuit that has failed for a reason other than its merits within one year of its failure or within the applicable statute of limitations, whichever is later.  Counts Six through Eight assert federal claims.  But, Sixth Circuit law is clear that federal courts do not apply state savings statutes to federal statutes of limitations.  *See Smith v. Nationstar Mortg.*, LLC, 756 Fed.Appx. 532, 534 (6th Cir. 2018).  In refusing to apply Ohio's savings statute to a claim brought under the FDCPA, the court in *Smith* explained that its decision was rooted in Supreme Court precedent, as that Court had previously held that " 'the incorporation of variant state saving statutes would defeat the aim of a federal limitation provision designed to produce national uniformity.' "  *Id.* (quoting *Burnett v. New York Cent. R.R. Co.*, 380 U.S. 424, 433 (1965)).  The Sixth Circuit has "invoked *Burnett* repeatedly when determining whether to apply state savings statutes to other federal laws[.]"  *Id.* at 534-35 (collecting cases).

(4:20CV1747)

applies to claims and not the entire action, such that it begins to run when the party against whom the new action is directed is dismissed, and not when the entire case is terminated. *See Herbert v. Farmer*, No. CA2013-02-016, 2014 WL 902859, at *5, ¶¶ 20-21 (Ohio App. 12th Dist. March 10, 2014) (holding that the savings statute runs from when a party is dismissed, not when the entire case is terminated); *see also Eckmeyer v. Blough*, No. 26669, 2013 WL 4506881, at *2 ¶ 10 (Ohio App. 9th Dist. Aug. 21. 2013) (split decision holding the saving statute applies from the time of dismissal of individual claims rather than from the time of termination of the entire action).

The one-year time limitation for Plaintiff to refile his complaint under § 2305.19 began to accrue on May 6, 2019, when NSL was dismissed from the original action. *Cheeks v. Wal-Mart Stores*, No. 15 MA 13, 2015 WL 5444288, at *3, ¶ 18 (Ohio App. 7th Dist. Sept. 10, 2015) (the one year savings statute begins to run on the filing of the self-executing notice of voluntary dismissal, not on the date the trial court journalizes an entry indicating the case has been voluntarily dismissed). The Complaint (ECF No. 1-1), refiled on July 2, 2020 in the instant action, was filed more than one year after NSL was dismissed. Accordingly, Counts Three, Four, and Six through Nine of the Complaint (ECF No. 1-1) are untimely as to NSL.

**B.**

NSL argues in ECF No. 9 why each of the nine counts (six state law claims and three federal claims (Counts Six - Eight)) fail to state a claim upon which relief can be granted. Because the Court finds for the reasons stated above that Counts Three, Four, and Six through Nine of the Complaint (ECF No. 1-1) are untimely as to NSL, it only addresses the parties' arguments regarding Counts One, Two, and Five.

(4:20CV1747)

Despite Plaintiffs' initial Complaint (ECF No. 9-1) having been filed in May 2018 and

that the initial case was pending in state court for two years, in the operative Complaint (ECF No.

1-1), Plaintiffs proffer mostly vague and conclusory allegations, not directed at any specific

defendant, which are not plead with the requisite particularity under Fed. R. Civ. P. 8 and 9.[5]

Rather, the only allegations set forth with specificity concern Plaintiffs' applications for a

disability discharge of the student loan.  *See* ECF No. 1-1 at PageID #: 16-17, ¶¶ 19-24.  These

allegations, however, also fail under Rule 12(b)(6) because Plaintiffs do not and cannot

adequately bring any of the three claims in Counts One, Two, and Five.

### 1.  Count One - Breach of Contract

To prove a breach of contract under Ohio law, a party must prove four elements:  (1) the

existence of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and

(4) resulting damages.  *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006).

Plaintiffs do not allege that the student loan was obtained from or ever owned by NSL.

They allege "[u]pon information and belief" that NSL is a "loan management, servicing, and/or

asset recovery company."  ECF No. 1-1 at PageID #: 15, ¶ 11.  According to Plaintiffs, the

---

[5]  For example, Plaintiffs allege:
25.  Throughout the life of the loan, the Defendants and/or its/their agents, predecessors and/or otherwise-associated affiliates and/or entities at various times wrongly changed the terms of the loan without any viable or proper explanation or authority for said unilateral, unfair, improper, and/or unwarranted changes[,] . . . have failed and/or refused to properly provide a full, legible accounting of the loan history, and . . . have improperly, wrongly, and/or without authority misapplied payments, charged certain interest, assessed certain fees and penalties, reported alleged delinquencies to applicab1e credit bureaus, capitalized the principle (sic) and/or interest of the loan, and/or offered and accepted forbearance intended only for a temporary hardship, not long-term inability to repay.
ECF No. 1-1 at PageID #: 17-18.

(4:20CV1747)

student loan was received "with the U.S. Department of Education," from "SLM Corporation" and is and "through [NSL], Defendant Credit Federal FCU and/or its predecessor and/or [another] entity associated therewith and/or thereto."  ECF No. 1-1 at PageID #: 15-16, ¶ 15.

Plaintiffs fail to demonstrate how a contract existed between them and NSL.  They describe NSL solely as the loan servicer.  ECF No. 1-1 at PageID #: 15, ¶¶ 12-13.  The tasks NSL performs in servicing student loans for its customers do not create a contractual relationship between it and borrowers.  Plaintiffs do not, and cannot, allege that NSL was a party to the student loan or is in privity with NSL on any other contract.  *See Santagate v. Pennsylvania Higher Educ. Assistance Agency (PHEAA)*, No. 19AP-705, 2020 WL 2850264, at *5, ¶ 21 (Ohio App. 10th Dist. June 2, 2020) ("nothing in the language of the note indicates that the loan servicer is a party to the note").  Therefore, Count One is dismissed as to NSL.

### 2.  Count Two - Bad Faith and Breaches

This cause of action is rarely cited in Ohio case law, but has been interpreted to mean the implied duty of good faith and fair dealing imposed on parties to any contract.  *Demetriades v. Ohio Lottery Comm'n*, No. No. 2017-00705, 2018 WL 4381766, at *3 (Ohio Ct. Cl. Aug. 27, 2018) (citing *Lundeen v. Smith-Hoke*, No. 15AP-236, 2015 WL 8196506, at *3, ¶ 14 (Ohio App.10th Dist. Dec. 8, 2015); *Littlejohn v. Parrish*, 163 Ohio App.3d 456, 463, ¶ 27 (2005)). Plaintiffs defend their claim by arguing they "need not point to a certain clause or provision within the contract that requires the parties to act fairly and [in] good faith towards each other." ECF No. 11 at PageID #: 262.

In *Demetriades*, the plaintiff brought a lawsuit against a convenience store, which discarded her instant lottery ticket after she returned to claim her recently discovered larger prize.

(4:20CV1747)

Along with the breach of contract, the plaintiff argued the store also breached an implied

covenant of good faith.  "[A]n allegation of a breach of the implied covenant of good faith cannot

stand alone as a separate cause of action from a breach of contract claim."  2018 WL 4381766, at

*3 (quoting *Interstate Gas Supply, Inc. v. Calex Corp.*, No. No. 04AP-980, 2006 WL 328679, at

*20, ¶ 98  (Ohio App. 10th Dist. Feb. 14, 2006)).  The Court of Claims of Ohio entered summary

judgment for the Ohio Lottery Commission because the plaintiff's claim that defendant acted in

bad faith could not stand alone.  *Id.*  As stated above, Plaintiffs in the case at bar have not shown

that a contract existed between them and NSL.  Therefore, Count Two alleging bad faith and

breaches as to NSL fails as a matter of law.

### 3.  Count Five - *Quantum Meruit*/Unjust Enrichment

Plaintiffs argue if the claim for breach of contract is not successful, NSL still has been

unjustly enriched.  *See* ECF No. 10 at PageID #: 264.  "The elements of unjust enrichment

require the showing of a benefit conferred by a plaintiff upon a defendant, knowledge by the

defendant of the benefit, and retention of the benefit by the defendant under circumstances where

it would be unjust to do so without payment."  *Graham v. Perkins*, No. S-15-008, 2015 WL

5680902, at *5, ¶ 22 (Ohio App. 6th Dist. Sept. 25, 2015) (citing *Hammill Mfg. Co. v. Park-Ohio

Industries, Inc.*, No. L-12-1121, 2013 WL 1535720, at *3, ¶ 14 (Ohio App. 6th Dist. April 12,

2013)).

Similarly, "*quantum meruit* is a doctrine derived from the natural law of equity, the basic

concept of which is that no one should be unjustly enriched who benefits from the services of

another.  In order to prevent such an unjust enrichment, the law implied a promise to pay a

reasonable amount for the services rendered [by anothother] . . ., in the absence of a specific

(4:20CV1747)

contract." *Sonkin & Melena Co., L.P.A. v. Zaransky*, 83 Ohio App.3d 169, 175 (1992). "Though

the elements of quantum meruit and unjust enrichment have been found to be identical, quantum

meruit is a distinct claim or right of action." *A N Bros. Corp. v. Total Quality Logistics, L.L.C.*,

59 N.E.3d 758, 770 at ¶ 42 (Ohio App. 12th Dist. Feb. 16, 2016) (citing *In re Sucholdolski*, No.

10CA009833, 2011 WL 6155756, at *1, ¶ 8 (Ohio App. 9th Dist. Dec. 12, 2011)). "The

difference is the manner in which damages are computed." *Id.*

Count Five generally alleges the elements of a *quantum meruit*/unjust enrichment claim

without any factual support.  Plaintiffs allege to have "each conferred a benefit upon each

Defendant; each Defendant knew of and/or solicited such benefits, each Defendant retained said

benefits that under the circumstances is and would be unjust for any Defendant to retain without

payment and/or specific performance." ECF No. 1-1 at PageID #: 25, ¶ 65.  Plaintiffs also recite

the elements of an unjust enrichment claim in their Memorandum in Opposition and then make a

general statement that their allegations are sufficient, without any supporting examples.  *See* ECF

No. 10 at PageID #: 264-65.  Plaintiffs' recitation of the elements of a cause of action, without

any "further factual enhancement," is insufficient under Rule 8's pleading standard.  *DiPasquale

v. Hawkins*, 748 Fed.Appx. 688, 694 (6th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678)).  Plaintiffs

fail to plead specific allegations regarding how NSL has been unjustly enriched – what benefit

was conferred upon it, what knowledge NSL had or benefit it solicited, what NSL retained, and

how such would be unjust.  Therefore, Count Five is dismissed as to NSL.

### C.

Finally, Plaintiffs make a fleeting request for leave to "replead their causes of action."

ECF No. 11 at PageID #: 261.  They specifically request leave to amend Count Six to reference

(4:20CV1747)

the Real Estate Settlement Procedures Act ("RESPA"),12 U.S.C. § 2601 *et seq.*, in this case

about a student loan.  *See* ECF No. 11 at PageID #: 265.

A request for leave to amend almost as an aside to the Court in a memorandum in

opposition to the defendant's motion to dismiss is not a motion to amend, for purposes of the rule

providing that a court should freely give leave to amend when justice so requires.  Fed. R. Civ. P.

15(a)(2).  *See Gonzalez v. Kovacs*, 687 Fed.Appx. 466, 470 (6th Cir. 2017) ("an informal request

contained in a brief in opposition to a motion to dismiss is not deemed a Rule 15 motion to

amend."); *La. Sch. Emps. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010)

(quoting *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000) ("*Plaintiffs

were not entitled to an advisory opinion from the Court informing them of the deficiencies* of the

complaint and then an opportunity to cure those deficiencies." (emphasis in original)).

## IV.  Conclusion

Defendant Navient Solutions, LLC's ("NSL") Motion to Dismiss Plaintiffs' Complaint

(ECF No. 8) with prejudice is granted.


IT IS SO ORDERED.


   January 15, 2021                              /s/ Benita Y. Pearson
Date                                        Benita Y. Pearson
                                            United States District Judge