PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| CARL S. SCHNEIDER, *et al.*, | ) |
|                 Plaintiffs, | ) CASE NO. 4:20CV1747 <br> ) |
|                 v. | ) JUDGE BENITA Y. PEARSON <br> ) |
| CREDIT HUMAN FEDERAL CREDIT UNION, *et al.*, | ) **MEMORANDUM OF OPINION AND** <br> ) **ORDER** <br> ) [Resolving ECF No. 40] |
|                 Defendants. | ) |

Pending before the Court is Defendant Texas Guaranteed Student Loan Corporation (d/b/a Trellis Company) ("Trellis")'s Motion for Summary Judgment. ECF No. 40. The motion has been fully briefed. ECF Nos. 42, 44. The parties have not filed a joint written stipulation stating uncontested facts or a joint notice stating that there are no uncontested facts. This runs afoul of the Court's Case Management Conference Plan/Order. ECF No. 19 at PageID #: 331. Having been duly advised by the parties' filings and the applicable law, the Court grants summary judgment in favor of Trellis.

### I. Background

On August 7, 2020, Defendant Navient Solutions, LLC ("NSL") removed the instant action from the Trumbull County Court of Common Pleas on the grounds of federal question and diversity jurisdiction. ECF No. 1. NSL motioned for, and was granted, a dismissal of Plaintiffs' claims against it. ECF No. 21. After expressing desire to add Trellis as a Defendant, Plaintiffs filed an Amended Complaint against Defendant Nelnet, Inc. ("Nelnet") and Trellis (collectively, "Defendants") asserting nine causes of action. ECF No. 36. Each of Plaintiffs' claims relate to a

(4:20CV1747)

1997 student loan they obtained and their alleged efforts to obtain a disability discharge.  *Id.* at PageID #: 469.  Plaintiffs allege the loan at issue was in the original amount of $63,349.63 and claim that partial loan discharges of $52,416.85 and $61,958.99 were wrongly reinstated by Defendants despite multiple applications for a discharge between October 2004 and January 2015.  *Id.* at PageID #: 470 – 471.  The loan was co-signed/endorsed by Plaintiff Rhonda K. Schneider, the then-current spouse of Plaintiff Carl S. Schneider.  *Id.* at PageID #: 469.  Plaintiffs were divorced through dissolution proceedings on or about November 8, 2002.  *Id*.

Plaintiffs claim (1) Breach of Contract (*Id.* at PageID #: 474); (2) Bad Faith and Breaches (*Id.* at PageID #: 475); (3) Fraud/Misrepresentation (*Id.* at PageID #: 475 – 477); (4) Fraudulent Inducement (*Id.* at PageID #: 477 – 478); (5) Quantum Meruit/Unjust Enrichment (*Id.* at PageID #: 478 – 479); (6) Abusive, Deceptive, and Unfair Acts and Practices Under the Consumer Financial Protection Act ("CFPA"), specifically 12 U.S.C.§§ 5531(a) and 5536(a)(1)(B) (*Id.* at PageID #: 479 – 482); (7) Violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. (*Id.* at PageID #: 482 – 483); (8) Violations of Regulation V, 12 C.F.R. part 1022, the implementing regulation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. (*Id.* at PageID #: 483 – 484); and, (9) Violations of the Ohio Consumer Sales Practices Act ("CSPA"), Ohio Rev. Code § 1345.01, *et seq*. (*Id.* at PageID #: 484 – 485).  Only three (Counts Six through Eight) of the nine claims are federal.  Similar to NSL, Nelnet motioned for, and was granted, a dismissal of Plaintiffs' claims against it.  ECF No. 47.  Trellis now seeks summary judgment in its favor on Plaintiffs' claims against it.

## II. Discussion

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"

2

(4:20CV1747)

*v. Publix Supermarkets, Inc.*, 557 F. App'x 458, 462 (6th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). The fact under dispute must be "material," and the dispute itself must be "genuine." A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Scott v. Harris*, 550 U.S. 372, 380 (2007). In determining whether a factual issue is "genuine," the Court assesses whether the evidence is such that a reasonable jury could find that the non-moving party is entitled to a verdict. *Id*. ("[Summary judgment] will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

    The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of an essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The trial court is not required to search the entire record to establish that a genuine issue of material fact exists." *Malee v. Anthony & Frank Ditomaso, Inc.*, No. 1:16CV490, 2018 WL 1805402, at *2 (N.D. Ohio Apr. 16, 2018) (citing *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008)) (abrogated on other grounds). "'[I]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c),' the court may determine that fact is undisputed." *Malee,* No. 1:16CV490, 2018 WL 1805402, at *2 (quoting Fed. R. Civ. Pro. 56(e)(2)).

    In order to survive summary judgment, the non-moving party "must 'do more than simply show that there is some metaphysical doubt as to the material facts.'" *Baker v. City of Trenton*, 936 F.3d 523, 529 (6th Cir. 2019) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. An

(4:20CV1747)

opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved" by a factfinder. *KSA Enterprises, Inc. v. Branch Banking & Tr. Co.*, 761 F. App'x 456, 464 (6th Cir. 2019) (quoting *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Srouder v. Dana Light Axle Mfg., LLC*, 725 F.3d 608, 613 (6th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). In analyzing a motion for summary judgment, the Court "must view the evidence in the light most favorable to the nonmoving party." *Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018) (citing *Latits v. Phillips*, 878 F.3d 541, 547 (6th Cir. 2017).

Trellis seeks summary judgment because (1) Counts Three, Four, and Six through Nine are barred by the statute of limitations (ECF No. 40 at PageID #: 584 – 588), (2) no contract exists between Plaintiffs and Trellis (*Id*. at PageID #: 588 – 589), and (3) Plaintiffs fail to show how Trellis received any benefit or was unjustly enriched (*Id*. at PageID #: 589). Plaintiffs oppose summary judgment because (1) this action is not time-barred, pursuant to O.R.C. § 2305.19 or Ohio R. Civ. P. 41 (ECF No. 42-2 at PageID #: 670 – 673), (2) a contract exists between Plaintiffs and Trellis (*Id*. at PageID #: 673), (3) Trellis violated its duty of good faith and fair dealing (*Id*. at PageID #: 673 – 674), (4) Trellis has been unjustly enriched (*Id*. at PageID #: 674 – 675), and (5) Trellis violated the CFPA, FDCPA, SCPA, and FCRA (*Id*. at PageID #: 675 – 676).

### 1. Statute of Limitations

Plaintiffs argue that their claims against Trellis are not time-barred because "Ohio Revised Code Section 2305.19 or Ohio Civil Rule 41" permit the re-filing of the instant action

4

(4:20CV1747)

within one year of prior dismissal by a state court. (ECF No. 42-2 at PageID #: 670 – 673). For support, Plaintiffs proffer only conclusory allegations, and point to no evidence in the record. *Id.* at PageID #: 672 – 673.[1]

### A. Count Three – Fraud/Misrepresentation and Count Four – Fraudulent Inducement

Under Ohio law, claims "for relief on the ground of fraud," unless related to identity fraud, must be brought within four years after the cause thereof accrued. See Ohio Rev. Code § 2305.09(C); *Rutherlan Enter., Inc. v. Zettler Hardware*, 60 F. Supp.3d 828, 833 (S.D. Ohio 2014). As Plaintiffs' causes of action would have accrued in January 2015, at the latest, their complaint must have been filed by January 2019. This action, however, was filed in the Trumbull County Court of Common Pleas in July 2020, and removed to the Court in August 2020. Therefore, Counts Three and Four are time-barred.

### B. Count Six – Abusive, Deceptive, and Unfair Acts and Practices

Count Six purports to bring a private cause of action under the CFPA, even though the statue does not create one. *See* 12 U.S.C. § 5481, *et seq.*; *see also, e.g.*, *Bonilla v Am. Heritage Fed. Credit Union*, No. 20-2053, 2020 WL 2219141, at *10 (E.D. Pa. May 7, 2020) (dismissing a claim under 12 U.S.C. § 5531 with prejudice because there is no private cause of action). Even assuming Plaintiffs could bring a private claim, the only statute of limitations listed in the CFPA is three years, which applies to the Consumer Protection Financial Bureau. *See* 12 U.S.C. § 5564(g)(1). Therefore, Count Six is time-barred.

---

[1] Plaintiffs state: "The acts and omissions by Defendant Trellis were done for purposes of deception, fraud, confusing, and therefore harming the Plaintiff. Defendant Trellis knowingly conspired with other Defendants the purpose to financially benefit it at the expense of the Plaintiff and many others by engaging in fraudulent and tortious activities by misrepresenting and concealing material information regarding the ownership, transfer, guarantee, collection, and/or servicing of the loan, interest, penalties, and/or fees and by taking steps and making statements to further wrongdoings."

(4:20CV1747)

### C. Count Seven – Violations of the FDCPA

The statute of limitations for an action under the FDCPA is one year from the date of the violation.  See 15 U.S.C. § 1692k(d); *Jodway v. Orlans, PC*, 759 Fed. Appx. 374, 379 (6th Cir. 2018).  Therefore, Count Seven is time-barred.

### D. Count Eight – Violations of Regulation V

15 U.S.C. § 1681p, contains both a statute of limitations and a statute of repose.  The two-year limit, which begins to run upon a plaintiff's discovery of the facts that give rise to an FCRA claim (known as the "discovery rule"), is a statute of limitations.  See 15 U.S.C. § 1681p(1); *Rocheleau v. Elder Living Const.*, LLC, 814 F.3d 398, 401 (6th Cir. 2016).  The alleged violations of Regulation V occurred more than two years before this action was initiated in the Trumbull County Court of Common Pleas and subsequently removed to the Court.  Therefore, Count Eight is time-barred.

### E. Count Nine – Violations of Ohio CSPA

Pursuant to Ohio Rev. Code § 1345.10(C), actions under §§ 1345.01 to 1345.13 "may not be brought more than two years after the occurrence of the violation which is the subject of suit."  See *Temple v. Fleetwood Enters.*, 133 Fed. Appx. 254, 265 (6th Cir. 2005).  Because Plaintiffs initiated the instant action more than five years after the alleged CSPA violation, Count Nine is time-barred.

### 2. Remaining Claims

### A. Count One – Breach of Contract

To prove a breach of contract under Ohio law, a party must prove four elements: (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) resulting damages.  *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006).

6

(4:20CV1747)

Plaintiffs do not argue that the student loan was obtained from or ever owned by Trellis. Instead, they state Trellis "manages borrowers' accounts; processes monthly payments; assists borrowers to learn about, enroll in, and remain in alternative repayment plans; and communicated directly with borrowers about the repayment of their loans." ECF No. 42-2 at PageID #: 673. Plaintiffs fail to demonstrate how a contract existed between them and Trellis. They describe Trellis solely as the loan servicer. *Id*. The tasks Trellis performs in servicing student loans for its customers do not create a contractual relationship between it and borrowers. Plaintiffs do not, and cannot, demonstrate that Trellis was a party to the student loan or is in privity with Trellis on any other contract. *See Santagate v. Pennsylvania Higher Educ. Assistance Agency (PHEAA)*, No. 19AP-705, 2020 WL 2850264, at *5, ¶ 21 (Ohio App. 10th Dist. June 2, 2020) ("nothing in the language of the note indicates that the loan servicer is a party to the note"). Therefore, Count One is dismissed as to Trellis.

### B. Count Two – Bad Faith and Breaches

This cause of action is rarely cited in Ohio case law, but has been interpreted to mean the implied duty of good faith and fair dealing imposed on parties to any contract. *Demetriades v. Ohio Lottery Comm'n*, No. No. 2017-00705, 2018 WL 4381766, at *3 (Ohio Ct. Cl. Aug. 27, 2018) (citing *Lundeen v. Smith-Hoke*, No. 15AP-236, 2015 WL 8196506, at *3, ¶ 14 (Ohio App.10th Dist. Dec. 8, 2015); *Littlejohn v. Parrish*, 163 Ohio App.3d 456, 463, ¶ 27 (2005)). Plaintiffs defend their claim by arguing they "need not point to a certain clause or provision within the contract that requires the parties to act fairly and [in] good faith towards each other." ECF No. 42-2 at PageID #: 674.

In *Demetriades*, the plaintiff brought a lawsuit against a convenience store, which

7

(4:20CV1747)

discarded her instant lottery ticket after she returned to claim her recently discovered larger prize. Along with the breach of contract, the plaintiff argued the store also breached an implied covenant of good faith. "[A]n allegation of a breach of the implied covenant of good faith cannot stand alone as a separate cause of action from a breach of contract claim." 2018 WL 4381766, at *3 (quoting *Interstate Gas Supply, Inc. v. Calex Corp.*, No. No. 04AP-980, 2006 WL 328679, at *20, ¶ 98 (Ohio App. 10th Dist. Feb. 14, 2006)). The Court of Claims of Ohio entered summary judgment for the Ohio Lottery Commission because the plaintiff's claim that defendant acted in bad faith could not stand alone. *Id*. As stated above, Plaintiffs in the case at bar have not shown that a contract existed between them and Trellis. Therefore, Count Two alleging bad faith and breaches as to Trellis fails as a matter of law.

### C. Count Five – *Quantum Meruit*/Unjust Enrichment

Plaintiffs argue if the claim for breach of contract is not successful, Trellis still has been unjustly enriched. ECF No. 42-2 at PageID #: 674 – 675. "The elements of unjust enrichment require the showing of a benefit conferred by a plaintiff upon a defendant, knowledge by the defendant of the benefit, and retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Graham v. Perkins*, No. S-15-008, 2015 WL 5680902, at *5, ¶ 22 (Ohio App. 6th Dist. Sept. 25, 2015) (citing *Hammill Mfg. Co. v. Park-Ohio Industries, Inc.*, No. L-12-1121, 2013 WL 1535720, at *3, ¶ 14 (Ohio App. 6th Dist. April 12, 2013)).

Similarly, "quantum meruit is a doctrine derived from the natural law of equity, the basic concept of which is that no one should be unjustly enriched who benefits from the services of another. In order to prevent such an unjust enrichment, the law implied a promise to pay a reasonable amount for the services rendered [by another] . . ., in the absence of a specific

8

(4:20CV1747)

contract." *Sonkin & Melena Co., L.P.A. v. Zaransky*, 83 Ohio App.3d 169, 175 (1992). "Though the elements of quantum meruit and unjust enrichment have been found to be identical, quantum meruit is a distinct claim or right of action." *A N Bros. Corp. v. Total Quality Logistics, L.L.C.*, 59 N.E.3d 758, 770 at ¶ 42 (Ohio App. 12th Dist. Feb. 16, 2016) (citing *In re Sucholdolski*, No. 10CA009833, 2011 WL 6155756, at *1, ¶ 8 (Ohio App. 9th Dist. Dec. 12, 2011)). "The difference is the manner in which damages are computed." *Id*.

Plaintiffs simply recite the elements of a quantum meruit/unjust enrichment claim without any factual support or reference to the record.  As support, they make a general statement that their allegations are sufficient, without any supporting examples.  ECF No. 42-2 at PageID #: 675.  Plaintiffs fail to establish any of the elements regarding how Trellis has been unjustly enriched – what benefit was conferred upon it, what knowledge Trellis had or benefit it solicited, what Trellis retained, and how it would be unjust.  Therefore, summary judgment on Count Five in favor of Trellis is warranted.

### III.  Conclusion

For the reasons stated above, summary judgment in favor of Trellis is granted.  A separate Judgment Entry will issue.


IT IS SO ORDERED.


| March 31, 2022 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |